[Cite as *State v. Sender*, 2022-Ohio-808.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 110052 |
| PAUL SENDER, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 17, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-644228-B

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Brian Kraft and Daniel Van, Assistant Prosecuting Attorneys, *for appellee.*

Ruth R. Fishbein-Cohen, *for appellant.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Defendant-appellant, Paul Sender, appeals his sentence, contending that the law under which he was sentenced — the Reagan Tokes Law — is unconstitutional. Finding no merit to the appeal, we affirm.

{¶ 2} Sender was charged in a five-count indictment as follows: Count 1, aggravated murder in violation of R.C. 2903.01(B); Count 2, murder in violation of R.C. 2903.02(B); Count 3, aggravated robbery in violation of R.C. 2911.01(A)(1); Count 4, felonious assault; and Count 5, tampering with evidence in violation of R.C. 2921.12(A)(1). Counts 1 through 4 carried one- and three-year firearm specifications; Count 5 had a one-year firearm specification. All counts also carried a forfeiture of weapon specification.

{¶ 3} Sender subsequently pleaded guilty to involuntary manslaughter, as amended in Count 1, a felony of the first degree, and tampering with evidence as charged in Count 5, a third-degree felony, as well as the accompanying weapon forfeiture specification in both counts. The firearm specifications in Counts 1 and 5 and the remaining counts were nolled.

{¶ 4} At sentencing, defense counsel objected to the imposition of an indefinite sentence on Count 1, as required by the Reagan Tokes Law for qualifying first-degree sentences, arguing that the law is unconstitutional. The trial court overruled the objection and sentenced Sender to an indefinite term of four to six years' incarceration on Count 1. It imposed a two-year sentence on Count 5, to be served concurrently with the sentence imposed on Count 1. This appeal followed.

{¶ 5} In his first assignment of error, Sender contends that the Reagan Tokes Law violates his constitutional right to trial by jury because it allows the Department of Rehabilitation and Correction to determine whether he should be released from prison after four years or held for an additional two years. In his second assignment

of error, Sender contends that the indefinite sentencing scheme established by the Reagan Tokes Law is unconstitutional because it violates constitutional guarantees of due process and separation of powers. Sender contends that his sentence should therefore be vacated because the law under which he was sentenced is unconstitutional.

{¶ 6} Sender's assignments of error are overruled pursuant to this court's en banc decision in *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470, which overruled the challenges presented in this appeal to the Reagan Tokes Law.

{¶ 7} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, JUDGE

ANITA LASTER MAYS, P.J., and
EILEEN A. GALLAGHER, J., CONCUR

N.B. Judge Anita Laster Mays is constrained to apply *Delvallie's* en banc decision. For a full explanation of her analysis, *see State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470 (Laster Mays, J., concurring in part and dissenting in part).